sion must have been with the bluff of the bow of the Lithopolis, and the movement of the barges toward Staten Island must have been on a diagonal course, resulting from the effect of the tide, the way of the barges, and the thrust of the Lithopolis. The facts accentuate the charge that the Lithopolis was proceeding at too great speed in order to look out for the movements of the Energetic, and indicate that the Lithopolis was mistakenly relying upon the Energetic's one-whistle signal, and was approaching the bend at the corner of Shooters Island without due regard for the Energetic, under the overtaking rule.

The libelants should recover against the Lithopolis, and the petitions against the Energetic should be dismissed.

---

### THE ENERGETIC.

#### M. & J. TRACY, Inc., v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 25, 1924.)

#### No. 189.

Appeal from the District Court of the United States for the Eastern District of New York.

Affirming decree 297 Fed. 670.

Park, Mattison & Lynch, of New York City (Samuel Park and Anthony V. Lynch, Jr., both of New York City, of counsel), for appellee Tice Towing Line.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Horace M. Gray, Sp. Asst. U. S. Atty., of New York City (Glen R. Snider, Admiralty Counsel, U. S. Shipping Board, of New York City, of counsel), for the United States.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Decree affirmed.

---

### THE ATNA.

(District Court, W. D. Washington, S. D. March 31, 1924.)

#### No. 4272.

1. Admiralty ⬤⟿20—Whether a tort is maritime depends on place where injury is received.

When a person is injured in passing over a ladder from a vessel to the shore, the admiralty has jurisdiction if he is injured, that is, wronged, before he is entirely free from the ship and has safely reached the shore, but, if passing from the shore to the ship, the admiralty has not jurisdiction until he has reached the ship and is entirely separated from the shore.

2. Admiralty ⬤⟿1—Jurisdiction shown prima facie will be retained until status is clearly changed.

Where a libel makes a case which is prima facie within the admiralty jurisdiction, such jurisdiction is not lost until the established relation or status is clearly lost or changed.

In Admiralty. Suit by Carl Waara against the steamer Atna, the Norwegian Africa & Australia Line, claimant, with John Gommerson as intervening libelant. On exceptions to intervening libel. Overruled.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

297 F.—43